**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | |
|---|---|
| JERRY JOHNSON JR.,<br><br>Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, EXPERIAN INFORMATION SOLUTIONS, INC., and TRANS UNION, LLC,<br><br>Defendants. | Case No. 8:26-cv-01350-JLB-AEP |

**EXPERIAN'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO DISMISS**

Defendant Experian Information Solutions, Inc. ("Experian") respectfully submits this Reply in support of its Motion to Dismiss, Dkt. 37 ("Motion"). Plaintiff Jerry Johnson Jr.'s Opposition takes two shortcuts confirming that dismissal with prejudice is the correct result. First, he lodges new, meritless factual allegations that appear nowhere in the Amended Complaint. Courts "repeatedly" hold that plaintiffs "cannot amend their complaint through a response to a motion to dismiss." *Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 665 (11th Cir. 2015). Second, he repeatedly misrepresents his pleadings and Experian's arguments. Stripped of the rhetoric, nothing has changed: Plaintiff pleads implausible, conclusory allegations that state no claim against Experian.

## ARGUMENT

### I. Plaintiff's Improper New Allegations Are Still Meritless.

Plaintiff alleges, for the first time, that a consumer cannot determine a "reliable payment history" when an account is in collection. (Opp. at 5). Aside from being procedurally improper, because the Amended Complaint did not so much as mention that either account was in collection, this argument collapses on the merits under *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). The test for a § 1681g violation is whether "the disclosure is understandable to the average consumer." *Shaw v. Experian Info. Sols., Inc.*, 891 F.3d 749, 759 (9th Cir. 2018) (quotation omitted). The two accounts at issue in the Amended Complaint, "Jefferson Capital Syst," are accounts with a debt buyer that acquired charged-off debts from original creditors (here, Sprint and T-Mobile). (*See* Dkt. 29-1 at 6–7.) But those tradelines report collection status codes rather than pre-collection payment history because the consumer's underlying payment relationship was with the *original creditor* (i.e., Sprint and T-Mobile), not the debt buyer (i.e., Jefferson Capital). Under *Shaw*, a reasonable consumer would understand that a debt buyer account reflects collection status rather than a "date of first delinquency" because no direct payment history between the consumer and the debt buyer ever existed.

Moreover, Plaintiff fails to allege that the "C" codes appearing on his Disclosure are incomplete representations of those accounts as they exist with the debt buyers. Nor does Plaintiff allege that a reasonable consumer would be unable to understand, from the Disclosure, that the accounts reflect charged-off debt

acquired by a collector—an entity whose only relationship with Plaintiff is one of collection, not ongoing payment. Plaintiff likewise fails to allege that the original creditor tradelines for Sprint and T-Mobile (and their payment histories) are absent from his Disclosure; in fact, the Amended Complaint is silent as to their content or effect. Tellingly, Plaintiff has excised pages 2-5 and 8-12 from his 12-page Disclosure attached as Exhibit 2. (*See* Dkt. 29-1 at 5–7.)

Plaintiff's newfound reliance on *Davis v. Equifax Info. Servs. LLC* and *Emery v. Equifax Info. Servs. LLC* is unavailing. *Davis* is distinguishable because there, the plaintiff alleged in relevant part that the defendant omitted "original creditor names," among other omissions, across "thirty-three accounts." Dkt. 29, No. 8:25-cv-2567-TPB-AAS, at 4 (M.D. Fla. Feb. 2, 2026). Plaintiff makes no comparable allegation as to creditor name—nor could he, credibly, because the creditor name appears on the face of Exhibit 2. (Dkt. 29-1 at 6–7.) And, Plaintiff's allegations in Counts I and II of his Amended Complaint focus entirely on Experian's purported omission of the DOFD. (Am. Compl. ¶¶ 89–98.) The same distinction is true of *Emery*, where the plaintiff again alleged in relevant part that the defendant omitted "original creditor names." Dkt. 27, No. 8:25-cv-01979-MSS-SPF, at 5 (M.D. Fla. Apr. 13, 2026).

More importantly, the courts in *Davis* and *Emery* did not address plausibility against clearly contradictory information in the plaintiffs' exhibits. Here, the original creditor names appear on the face of Plaintiff's own Exhibit 2, and the Amended Complaint contains no allegations that those accounts are

misnamed or otherwise unidentifiable. (*See* Dkt. 29-1 at 6–7); *see also Bey v. TransUnion LLC*, No. 8:25-cv-02848-WJF-AAS, 2026 WL 503328, at *4 (M.D. Fla. Feb. 24, 2026) (if the complaint's allegations about a particular exhibit conflict with the contents of the exhibit itself, the "exhibit controls"). Finally, in both *Emery* and *Davis*, the court denied dismissal because the defendants relied on irrelevant sections of the FCRA to support their arguments. *See Emery*, ECF No. 27, at 4 ("The first sentence of Defendant's argument section is, 'To proceed under Section 1681e(b) (or Section 1861i) [sic], a plaintiff must show inaccuracy in reporting as a threshold matter.'"); *see generally*, Order Denying Def.'s Motion, *Davis*, ECF No. 29. The plaintiffs in both cases sued under § 1681g(a)(1), which has different pleading requirements than §1681e and §1681i, on which the defendants relied. *Id*. Experian did not make those arguments. (*See generally*, Opp. at 3–6.)

Finally, to shore up his § 1681g willfulness claims, Plaintiff raises a new allegation that Experian has "regulatory notice" to report DOFD in a consumer disclosure because it "is a signatory to the 2015 Assurance of Voluntary Compliance and agreed to the same data-standard obligatio[n]," purportedly quoting Paragraph 72 of the Amended Complaint. (Opp. at 9.) But Paragraph 72 pleads collection furnisher notification obligations regarding original creditor names—not any CRA disclosure obligation for DOFD, as Plaintiff now claims. (Opp. at 9.)

## II. Plaintiff's Opposition Misrepresents the Amended Complaint and Experian's Motion.

Plaintiff perplexingly accuses Experian of engaging in a "label game" and incorrectly framing Plaintiff's theory as "demanding a specific label 'Date of First Delinquency.'" (Opp. at 4.) He has it backwards. (*E.g.*, Am. Compl. ¶¶ 37, 41.) Experian referenced the "label" of DOFD to articulate the *opposite*: that it is immaterial. (Mot. at 6–7.) Indeed, Experian agrees with Plaintiff that the specific label "Date of First Delinquency" does not appear in the statute, and instead that § 1681g "requires disclosure of the underlying information regardless of labeling." (Opp. at 4.) Plaintiff's exhibits demonstrate that the delinquency data he claims is "missing" is, in fact, available from his Disclosure and understandable to a reasonable reader. (Mot. at 6–8.)

Plaintiff also contends that Experian "grossly mischaracterizes the Amended Complaint" by pointing out that Plaintiff "conflat[ed] a furnisher's reporting duty under § 1681s-2(a)(5) with a CRA's disclosure duty under § 1681g." (Opp. at 4.) Not so. The Amended Complaint explicitly states that "[b]y failing to disclose the DOFD . . . Experian rendered Plaintiff's disclosure patently incomplete and misleading." (Am. Compl. ¶ 46.) It is a direct allegation that Experian, as a CRA, bore an obligation to disclose the DOFD on Plaintiff's Disclosure. Experian did not "grossly mischaracterize[]" anything, but rather identified an implausibility in Plaintiff's Amended Complaint. (Mot. at 6.)

## CONCLUSION

For these reasons and those stated in the Motion, the Court should dismiss the Amended Complaint as to Experian, with prejudice, and deny leave to amend as futile. Plaintiff's suggestion that "additional factual development remains possible" because Plaintiff could supplement the Amended Complaint with "more specific facts" regarding Experian's "compliance obligations," "system architecture," and "internal communications" (Opp. at 11) is a tacit admission that Plaintiff's Amended Complaint is inadequate—not a reason to preserve it. That Plaintiff can now identify categories of facts he wishes he had pleaded confirms that the Amended Complaint was filed without the factual foundation necessary to sustain his claims. Federal courts do not permit plaintiffs to treat motion to dismiss briefing as an open-ended drafting exercise for plaintiffs to throw various claims against the wall and see what sticks.

Dated: August 24, 2026

Respectfully submitted,

*/s/ Maria H. Ruiz*

Maria H. Ruiz FBN 182923
**HABER LAW, LLP**
251 NW 23rd Street
Miami, FL 33127-4315
Tel.: 305-379-2400
Fax: 305-379-1106
mruiz@haber.law
service@haber.law